**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 19 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-33955 |
| | ) | |
| Matthew Wayne Miller and | ) | Chapter 13 |
| Sarah Marie Miller, | ) | |
| | ) | |
| Debtors. | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER DENYING CREDITOR'S MOTION

This case came before the court on July 15, 2016 for hearing on unsecured creditor Quality Ready Mix, Inc.'s "Motion for Leave to File Late Proof of Claim" ("Motion"). [Doc. # 76]. Attorney for Debtors appeared at the hearing by telephone. There was no appearance by or on behalf of the Creditor.

In its Motion, Creditor requested that the court allow it to file late a proof of claim. Counsel for the Creditor states that it was waiting to file its proof of claim until the Court ruled "on the Dismissal of the proceedings and the Amendments made by the Debtors." [Doc. # 76].

The Bankruptcy Code is silent as to a deadline for filing nongovernmental proofs of claim, but it assumes that there will be a deadline. *See,* § 501(b) and (c); § 502(b)(9). Section 502(b)(9) was amended in 1994 to address the tardy claims issue. *See, In re Daniels*, 466 B.R. 214, 217 (Bankr. S.D.N.Y. 2011). The deadlines for filing proofs of claim in a Chapter 13 case are found in the Federal Rules of Bankruptcy Procedure, and Bankruptcy Rule 3002(a) states that an unsecured creditor "must file a proof of claim or interest in accordance with this rule for the claim or interest

to be allowed."

Bankruptcy Rule 3002(c) states that in a Chapter 13 case, a proof of claim "shall be filed within 90 days after the first date set for the meeting of creditors." This rule applies to Chapter 7, Chapter 12, and Chapter 13 cases, but it does not apply to chapter 11 cases. *See, In re Jackson*, 482 B.R. 659, 663-664 (Bankr. S.D. Fla. 2012); *In re Aboody*, 223 B.R. 36, 37-39 (1st Cir. BAP 1998). This is an important distinction, because the "excusable neglect" standard endorsed by the United States Supreme Court in *Pioneer Inv. Servs. Co. V. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993) for late filed claims in Chapter 11 cases does not help a creditor with a late filed claim in a Chapter 13 case. *See, In re Zich*, 291 B.R. 883, 885 (Bankr. M.D. Ga. 2003); *In re Nyeste*, 273 B.R. 147, 149 (Bankr. S.D. Ohio 2001).

The language in Bankruptcy Rule 3002(c) is unambiguous and courts must apply the "ordinary, contemporary, common meaning" of this language, *Perrin v. United States*, 100 S. Ct. 311, 314, 447 U.S. 37, 42 (1979). So, in a Chapter 13 case, there is no "excusable neglect" exception to the bar date for filing proofs of claim. *In re Jackson*, 482 B.R. at 663-64; *In re Stone*, 473 B.R. 465, 467-468 (Bankr. M.D. Fla. 2012)(four claims filed one day late).

There are six enumerated exceptions to the 90 day deadline set forth in Rule 3002(c), and they pertain to claims of governmental units, infants and incompetent persons, recipients of avoided transfers, parties to executory contracts or unexpired leases, foreign creditors, and claims in Chapter 7 cases that began as no asset cases. None of the exceptions apply to the unsecured creditor Quality Ready Mix, Inc.

The court in *In re Brooks*, 414 B.R. 65, 72 (Bankr. E.D. Pa. 2009) ruled that "case and statutory law are in agreement than a bankruptcy court may not extend the bar date in a Chapter 13 case . . . [i]n sum, the bar date in a Chapter 13 case is a strict and nonnegotiable deadline . . . ." Thus, where there is an objection, the claims' bar date cannot be extended in a Chapter 13 case. In the case at hand, the deadline for filing claims was May 5, 2016, and Quality Ready Mix, Inc. did not file a proof of claim before the deadline passed. So, the case law and statutory law is clear that this court cannot extend that bar date for the unsecured creditor Quality Ready Mix, Inc. over Debtors' objection.

For the reasons contained herein, and good cause appearing,

**IT IS ORDERED** that unsecured creditor Quality Ready Mix, Inc.'s "Motion for Leave to File Late Proof of Claim" [Doc. # 76] be, and hereby is, **DENIED**.

###

3